IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEON CAPITAL GROUP, LLC and LG OPERATION COMPANY, LLC,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:24-cv-98-L** |
| **PRINCETON EXCESS & SURPLUS LINES INSURANCE COMPANY, et al.,** | § § § § § | |
| Defendants. | § § | |

## ORDER

On November 8, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 36) was entered, recommending that the court **grant** Plaintiffs Leon Capital Group, LLC's and LG Operating Company, LLC's (collectively "Plaintiffs" or "LCG") Motion to Dismiss Counterclaims ("Motion") (Doc. 19). The magistrate judge determined that LCG's Motion be granted because Defendants Princeton Excess & Surplus Lines Insurance Company, General Security Indemnity Company of Arizona, Steadfast Insurance Company, Transverse Specialty Insurance Company, and Accredited Specialty Insurance Company (collectively "Defendants" or "Arrowhead Insurers") declaratory actions are mirror images of LCG's claims.

No objections have been filed, and the 14-day period to object after service of the Reports has expired. Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report.

The Arrowhead Insurers request four different declarations under the Federal Declaratory Judgment Act. Report 3 (citation omitted). Magistrate Judge Brian McKay determined that the declaratory judgment counterclaims should be dismissed as duplicative and redundant of LCG's breach of contract claim. Report 8. The magistrate judge held that Arrowhead Insurers' first requested declaratory judgment duplicates an action already pending before the court and that having a separate declaratory action would be redundant. *Id.* at 8-9.

Second, the magistrate judge determined that Arrowhead Insurers' second requested declaratory judgment duplicates an action already pending before the court. Report 9. The magistrate judge concluded that because the court will already have to determine which documents are part of the contract, the declaration does not introduce any new facts or issues. Report 10. As a result, he determined that it is a mirror image of LCG's breach of contract claim. *Id.* Further, the magistrate judge rejected Defendants' request that the court declare a potential damages limit under the policy because this declaratory action is duplicative of a dispute already pending before the court and should be dismissed. Report 10-11 (citation omitted).

Third, the magistrate judge concluded that Arrowhead Insurers' third requested declaratory judgment duplicates an action already pending before the court. Report 11. In the third request, Defendants request that the court declare that "the applicable deductible for LCG's covered theft claims is 20% of the $100,000.00 ($20,000.00) per occurrence for Vacant Locations." Report 11 (citation omitted). Magistrate Judge McKay determined that this counterclaim was likewise duplicative of a claim already before the court and should be dismissed as redundant. *Id.* (citation omitted).

Fourth, the magistrate judge determined that Arrowhead Insurers' fourth requested declaratory judgment duplicates an action already pending before the court. Report 11. As it relates to the fourth request, the magistrate judge held the following:

> All four requested declarations, (*Id*.), require the Court to interpret the contract to determine how much the Arrowhead Insurers could be liable for under the policy. The potential liability amount is directly linked to a party's potential obligations under a contract; as already discussed above, these issues are already pending before the Court. Therefore, the counterclaim should be dismissed. *See Fed. Nat. Mortg. Ass'n v. K.O. Realty, Inc.*, No. 3:13-CV-2781-L, 2014 WL 3900619, at *9 (N.D. Tex. Aug. 8, 2014) ("[D]istrict courts in this Circuit regularly reject declaratory judgment claims seeking resolution of issues that are the mirror image of and will be resolved as part of other claims in the lawsuit.") (citing *American Equip. Co., Inc. v. Turner Bros. Crane and Rigging, LLC*, No. 4:13–CV–2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014)).

Report 12. Magistrate Judge McKay concludes that because all of the Arrowhead Insurers declaratory judgment actions are mirror images of LCG's claims, they do not serve the purpose of judicial economy. *Id.*

Finally, the magistrate judge recommends that the court decline to re-label the Arrowhead Insurers counterclaims as additional defenses. Report 13. Magistrate Judge McKay determined that the Arrowhead Insurers have already pled condition precedent as a defense in their original answer; thus, there is no need for the court to re-label the first declaration. Report 13 (citation omitted).

Having considered the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiffs' Motion to Dismiss Counterclaims (Doc. 19), and **dismisses** all counterclaims asserted by Defendants.

**It is so ordered** this 25th day of November, 2024.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge